*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1771**

State of Minnesota,
Respondent,

vs.

Kelly Jon Brothers,
Appellant.

**Filed November 9, 2015
Affirmed in part, reversed in part, and remanded
Stoneburner, Judge\***

Redwood County District Court
File No. 64-CR-14-188

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Steven S. Collins, Redwood County Attorney, Kelly L. Meehan, Assistant County Attorney, Redwood Falls, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Rodenberg, Judge; and Stoneburner, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STONEBURNER**, Judge

Appellant challenges his conviction of first-degree criminal sexual conduct, arguing that the district court erred by allowing irrelevant, unhelpful expert testimony and that the state failed to prove that the complainant did not freely consent to the sexual conduct. Appellant also argues that the district court erred by imposing multiple sentences for crimes arising out of the same behavioral incident based on its erroneous finding that the criminal sexual conduct was committed with force or violence and the district court's erroneous interpretation of the consequences of that finding. We affirm the conviction of criminal sexual conduct but, because the record does not support the district court's finding that appellant committed the crime of first-degree criminal sexual conduct with force or violence, we reverse the imposition of multiple sentences and remand for the imposition of a single sentence for all of appellant's crimes, which were committed in a single behavioral incident.

**FACTS**

The acts by appellant Kelly Jon Brothers that led to his convictions of false imprisonment, terroristic threats, second-degree assault, and first-degree criminal sexual conduct are not disputed in this appeal. And Brothers does not challenge the jury's finding in a separate special verdict that Brothers tortured his victim, A.R., during the commission of those crimes.

The record reveals that Brothers held A.R., with whom he had been in a sexual relationship for a short time, captive in the bedroom of a mobile home for many hours

2

during which time he forced her to remove her clothing and lie on a bed, duct-taped her arms and legs in an awkward, painful, and constricted position, and poked and threatened her with a pocket knife. Brothers, who suspected that A.R. was planning to leave him, subjected A.R. to harsh interrogation, searched her belongings, grabbed her by the throat, threatened to slit her throat, and kept her naked and restrictively confined until, in an effort to change the dynamics of Brothers' bizarre behavior, A.R. started apologizing and aggressively initiated sexual activity. Even after Brothers engaged in sexual conduct, he refused to release A.R. from confinement, and he stabbed her in the leg. Eventually, convincing Brothers that they needed to wash her blood out of a blanket, A.R. was able to get close enough to the door to bolt from the room and the mobile home. She ran to a neighboring mobile home and police were called.

Brothers was ultimately charged with: (1) second-degree assault with a dangerous weapon in violation of Minn. Stat. § 609.222, subd. 1 (2012); (2) terroristic threats in violation of Minn. Stat. § 609.713, subd. 1 (2012); (3) first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(c) (2012) (causing reasonable fear of imminent great bodily harm); (4) false imprisonment in violation of Minn. Stat. § 609.255, subd. 2 (2012); (5) domestic assault by strangulation in violation of Minn. Stat. § 609.2247, subd. 2 (2012); and (6) third-degree criminal sexual conduct in violation of Minn. Stat. § 609.344, subd. (1)(c) (2012) (use of force or coercion to accomplish penetration).

At trial, the district court, over Brothers' objection, permitted testimony from an expert witness on "counterintuitive and submissive behaviors of sexual assault victims."

3

The jury acquitted Brothers of third-degree criminal sexual conduct and domestic assault by strangulation, but found him guilty of all other charges. In a separate special verdict form, the jury found that Brothers tortured A.R. during the crimes but that he did not inflict more injury than necessary to commit the crimes.

The district court, citing the evidence of how Brothers treated A.R. and the jury's torture finding, concluded that Brothers was convicted of committing criminal sexual conduct "by force or violence" thereby, pursuant to Minn. Stat. § 609.035, subd. 6 (2012), permitting "cumulative punishment" for crimes committed during a single behavioral incident. The district court then imposed separate sentences for every crime of which Brothers was convicted: 15 months (stayed) for false imprisonment; 21 months (stayed) for terroristic threats; 45 months (executed) for second-degree assault; and 306 months (executed) for first-degree criminal sexual conduct. This appeal followed.

**D E C I S I O N**

**1.      The district court did not abuse its discretion by permitting expert testimony.**

The district court allowed the state to present the testimony of  William Mitchell College of Law professor Sarah Deer, after finding her qualified to testify about counterintuitive and submissive behaviors by sexual assault victims. "Rulings concerning the admission of expert testimony generally rest within the sound discretion of the district court and will not be reversed absent a clear abuse of discretion." *State v. Mosley*, 853 N.W.2d 789, 798-99 (Minn. 2014).

Minn. R. Evid. 702 permits qualified experts to testify regarding information that "will assist the trier of fact to understand the evidence or to determine a fact in issue."

4

Under rule 702, expert testimony that does not involve a novel scientific theory "is admissible if (1) the witness is qualified as an expert; (2) the expert's opinion has foundational reliability; [and] (3) the expert testimony is helpful to the jury." *State v. Obeta*, 796 N.W.2d 282, 289 (Minn. 2011) (holding that expert testimony about rape myths and counterintuitive rape-victim behaviors was admissible to assist the jury in evaluating evidence of delayed reporting, lack of physical injuries, and submissive behavior).

Brothers' objection to Deer's testimony is that the testimony was not helpful to the jury and was irrelevant because it did not address the precise questions before the jury of whether A.R. had a reasonable fear of imminent great bodily harm and whether she consented to sexual conduct. Minn. Stat. § 609.342, subd. 1(c) (including fear of imminent great bodily harm and lack of consent among elements of first-degree criminal sexual conduct offense). Brothers argues that Deer's testimony focused on how victims may react to sexual assault by behaving passively or by initiating or accommodating sex in response to a sexual assault. Brothers concedes that A.R.'s undisputed initiation of sexual conduct "may have been motivated by the false imprisonment, terroristic threats[,] and second-degree assault," but Brothers asserts that Deer "did not testify that women initiate sexual activity to avoid violent situations generally." Deer, however, did testify that some victims who "experienc[e] a situation that may be . . . longer in duration" may "placate the perpetrator or try to lessen the violence to try to . . . protect themselves" and "may initiate, or accommodate or go along with . . . the perpetrator[']s desires to . . . lessen the impact of violence." Because A.R.'s initiation of sexual activity is

5

counterintuitive behavior that could lie outside the common understanding of an average juror and could have been helpful to the jury as relevant to the issue of consent, the district court did not abuse its discretion by permitting this expert testimony.

**2.      The evidence is sufficient to support the jury's finding that A.R. did not freely consent to the sexual conduct underlying Brothers' conviction of first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(c).**

Brothers argues that because A.R. aggressively initiated the sexual conduct, the state failed to prove that A.R. did not consent to the sexual conduct. When considering a claim of insufficient evidence, we conduct "a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction" was sufficient to allow the jurors to reach the verdict that they reached. *State v. Caine*, 746 N.W.2d 339, 356 (Minn. 2008) (quotation omitted). We assume that "the jury believed the State's witnesses and disbelieved the defense witnesses." *State v. Tscheu*, 758 N.W.2d 849, 858 (Minn. 2008). We will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant is guilty of the crime charged. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

To convict Brothers of first-degree criminal sexual conduct under section 609.342, subdivision 1(c), the state had to prove that Brothers engaged in intentional sexual penetration without A.R.'s consent and that the circumstances existing at the time of the act caused A.R. to have a reasonable fear of imminent great bodily harm. Minn. Stat. § 609.342, subd. 1(c). "Consent" is defined as "words or overt actions by a person indicating a freely given present agreement to perform a particular sexual act with the

6

actor." Minn. Stat. § 609.341, subd. 4 (2012). Consent is not shown by "the existence of a prior or current social relationship between the actor and the complainant or that the complainant failed to resist a particular sexual act." *Id.*

A.R. testified that she did not want to have sex with Brothers and did not want to say the things she said to initiate sex with him but that he was acting with "craziness," she was "willing to do anything to . . . get out of there . . . to get out of the situation," and she did not consent to anything that happened to her while she was imprisoned. By the time A.R. initiated sexual activity, she had been held against her will and subjected to Brothers' bizarre and frightening behavior for several hours. Given these circumstances, the issue of whether A.R. indicated a "freely given present agreement" to have sex with Brothers was a fact question for the jury, and we conclude that the evidence is sufficient to support the jury's finding that A.R.'s consent was not freely given.

3. **The district court's finding that Brothers used force or violence to commit criminal sexual conduct is not supported by the record, and the district court erred by imposing multiple sentences for crimes that constituted a single behavioral incident.**

It is undisputed that all of the criminal acts committed by Brothers were part of a single behavioral incident. To impose multiple sentences, the district court relied on Minn. Stat. § 609.035, subd. 6, which provides, in relevant part, that a conviction for violating section 609.342, subdivision 1(c), "with force or violence is not a bar to conviction of or punishment for any other crime committed by the defendant as part of the same conduct."

7

Brothers first asserts that the district court violated *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), by making a factual finding that the sexual assault of which Brothers was convicted was committed with force or violence. But *Blakely* applies only to an upward dispositional departure from the sentencing guidelines. *State v. Allen*, 706 N.W.2d 40, 45-47 (Minn. 2005). And Minn. Stat. § 609.035, subd. 6, provides: "If an offender is punished for more than one crime as authorized by this subdivision and the court imposes consecutive sentences for the crimes, the consecutive sentences are not a departure from the Sentencing Guidelines." We therefore conclude that *Blakely* is not implicated in this case.

Brothers also argues that because he was not charged with or convicted of committing first-degree criminal sexual conduct with force or violence and because the jury acquitted him of third-degree criminal sexual conduct using force or coercion, the evidence does not support a finding that the sexual conduct in this case was committed with force or violence. We agree. The state argues that the jury's finding of torture and Brothers' conduct that led to A.R.'s initiation of sexual conduct support the district court's finding. We disagree. The record supports the jury's conclusion that A.R.'s circumstances negate her consent to sexual conduct, but the record is clear that Brothers did not use force or violence to commit the sexual conduct. Any force used on A.R. either preceded or followed the sexual conduct and was unrelated to that conduct. Because the record does not support sentencing under Minn. Stat. § 609.035, subd. 6, we reverse the sentences imposed and remand to the district court for the imposition of a

single sentence for Brothers' crimes, all of which were committed as part of a single behavioral incident.[1]

**Affirmed in part, reversed in part, and remanded.**

---

[1] We note that even if Minn. Stat. § 609.035, subd. 6, could apply, permitting separate sentences for first-degree criminal sexual conduct and any other crime, all of the additional crimes continue to constitute a single behavioral incident for which only one sentence could be imposed. *See State v. Bookwalter*, 541 N.W.2d 290, 294 (Minn. 1995) (addressing a different exception to the multiple punishment bar and the imposition of punishment for the excepted crime "and the most serious [other] crime committed").